# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CAROL LYNN MERRELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALMART STORES, INC., ) <br> ) <br> and ) <br> ) <br> WALMART, INC., ) <br> ) <br> Defendants. ) <br> ) | **Case No.: 4:22-cv-00657** <br><br> Removed from the Circuit Court <br> of Jackson County, Missouri <br> Case No.: 2216-CV20496 |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Walmart Stores, Inc. and Walmart, Inc. (hereinafter collectively "Defendants" or "Walmart") hereby remove to the United States District Court for the Western District of Missouri the action styled *Carol Lynn Merrell v. Walmart Stores, Inc. and Walmart, Inc.*, Case No. 2216-CV20496, from the Circuit Court of Jackson County, Missouri. Defendants states the following in support of removal:

### STATE COURT ACTION

1. On September 9, 2022, Plaintiff Carol Lynn Merrell ("Plaintiff") commenced this matter by filing their Petition in the case styled *Carol Lynn Merrell v. Walmart Stores, Inc. and Walmart, Inc.*, Case No. 2216-CV20496, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. Plaintiff's Petition for Damages in the State Court Action asserts a claim of negligence.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4. Defendants were served with process on September 23, 2022, however, Defendants first received notice of Plaintiff's Petition on September 13, 2022.

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendants may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendants were served with process on September 23, 2022, however, Defendants first received notice of Plaintiff's Petition on September 13, 2022.

9. This Notice of Removal is being filed on or before October 13, 2022.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court in which a substantial part of the events or omissions giving rise the claim by Plaintiff occurred under 28 U.S.C. §1391(b)(2).

## DIVERSITY JURISDICTION EXISTS

11. Diversity jurisdiction requires complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

12. Plaintiff is a citizen and resident of Independence, Missouri. *See* Exhibit A, Petition (Plaintiff's address is included in the caption on page 1).

13. Defendants, for the purpose of establishing that complete diversity of citizenship exists for this controversy, provide the following information:

   a) Defendant Walmart Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

   b) Defendant Walmart, Inc. is a corporation organized and existing under the laws of the State of Arkansas and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri and is neither a citizen nor a resident of the State of Missouri.

14. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ." 28 U.S.C. § 1332(a).

Defendants need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if she were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822-23 (8th Cir. 2011). Once Defendants have satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also* Schubert, 649 F.3d at 822-23.

16. When, as here, the Petition fails to allege a specific amount in damages sought, "[t]he jurisdictional fact…is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). For purposes of removal, Defendants need only make a "plausible allegation" that the amount in controversy exceeds the threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Once a defendant makes such a showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (quotation omitted).

17. Assuming the truth of the allegations in the Petition, more than $75,000.00 is in controversy.

18. Plaintiff's Petition alleges past and future medical expenses, diminished ability to work, and loss of enjoyment of life. *See* Exhibit A, Petition ¶ 7. She claims damages *in excess* of $25,000.00. *See* Exhibit A, Wherefore Paragraph following ¶ 7.

19. As a result of the Plaintiff's alleged past, present and future damages and allegations for compensatory damages, a fact finder could legally conclude that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

20. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Circuit Court of Jackson County, Missouri; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

21. The U.S. District Court for the Western District of Missouri is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

22. Promptly upon filing this Notice of Removal, Defendants will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

## DESIGNATION OF PLACE OF TRIAL

23. Defendants hereby designate Kansas City, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendants hereby remove the above-captioned action from the Circuit Court of Jackson County, State of Missouri, and request that further proceedings be conducted in this Court as provided by law.

DATED: October 13, 2022.

Respectfully submitted,

/s/ *Lindsay P. Windham*
Lindsay P. Windham        (MO #66153)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 13th day of October 2022, the foregoing was electronically filed with the Clerk of the Court via the Court's e-filing system which sends notification to:

Michael J. Englert
209 W. Lexington Ave.,
Independence, MO 64050
TEL: (816) 252-2132
FAX: (816) 491-2290
E-MAIL: mikejoeenglert@gmail.com
ATTORNEY FOR PLAINTIFF

/s/ *Lindsay P. Windham*
ATTORNEY FOR DEFENDANTS